IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

CASE NO. 11-40037-004

VICTOR WILLIAMS                                                       DEFENDANT

**ORDER**

Before the Court is Defendant Victor Williams's Motion for Sentence Reduction. (ECF No. 974). Defendant seeks to have his sentence reduced on two grounds. First, he claims he was not sentenced under the "newly amended crack cocaine guidelines signed into law on August 4, 2011 [that] became retroactive on November 1, 2011" (the "Amended Guidelines").[1] Defendant also seems to contend that, in his Plea Agreement (ECF No. 703), he only agreed to be held accountable for 28 grams cocaine base, rather than the 280 grams that the Court considered in calculating his base offense level. The government has responded (ECF No. 990) arguing that Defendant was, in fact, sentenced under the Amended Guidelines and that he clearly agreed to be held accountable for not less than 280 grams and not more than 840 grams of cocaine base in his Plea Agreement. The matter is now ripe for the Court's consideration. After reviewing the guidelines under which Defendant was sentenced in conjunction with his Plea Agreement, Defendant's motion must be denied.

On September 14, 2011, Defendant was indicted, along with 65 other individuals, in a 190 Count Indictment. (ECF No. 1). Specifically, Defendant was charged in Count 93 with

---

[1] These Amended Guidelines are part of the Fair Sentencing Act of 2010. The effect of the new sentencing guidelines on offenses involving cocaine base, or "crack," is a downward adjustment of the base offense levels for possession of crack. *See Dorsey v. U.S.*, 132 S.Ct. 2321, 2333 (2012).

1

knowingly distributing more than 28 grams of crack cocaine within 1000 feet of a housing facility owned by a public housing authority. He was also charged in Count 1 with conspiracy and Count 120 with knowingly attempting to distribute more than 280 grams of crack cocaine. On April 26, 2012, Defendant pleaded guilty to Count 93 of the Indictment. (ECF No. 702). On September 18, 2012, the Court sentenced Defendant to 87 months of imprisonment.[2] (ECF No. 896).

Defendant's primary argument for a sentence reduction (that the Court failed to apply the Amended Guidelines to his sentencing) lacks merit upon considering the date of his charged offenses and the date of his sentencing. These two events occurred on September 14, 2011 and September 18, 2012 respectively. The Amended Guidelines went into effect on August 4, 2011, before Defendant was both charged and sentenced. Therefore, Defendant received the benefit of those new guidelines. The fact that the Amended Guidelines began to apply retroactively on November 1, 2011, after Defendant was charged but before he was sentenced, has no bearing on this case. The retroactive effect of the guidelines only applies to persons sentenced *before* August 4, 2011, which is not the case here. *See* U.S.S.G. § 1B1.10. Simply put, Defendant's 87-month prison sentence was reached by applying the Amended Guidelines, specifically U.S.S.G. § 2D1.1. (ECF No's 896 & 897).

Defendant's second argument for reduction (that he should only be held accountable for the 28 grams of cocaine base included in Count 93) is incorrect based on a plain reading of the

---

[2] Defendant's sentence was predicated upon the amount of cocaine base stipulated in his Plea Agreement, which was at least 280 grams but not less than 840 grams. (ECF No's 702 & 897). That amount of cocaine base has a base offense level of 32. Pursuant to U.S.S.G. § 2D1.2(a)(1), Defendant received a two level increase for his charge in Count 93 for distributing more than 28 grams of cocaine base within 1,000 feet of a public housing authority facility. (ECF No. 897). He then received a three level decrease for his acceptance of responsibility, which brought his total offense level to 31. That offense level combined with Defendant's criminal history score of III resulted in an imprisonment range of 135 to 168 months. At the sentencing hearing, however, the Court granted the government's motion for an additional reduction in the offense level for Defendant's substantial assistance. (ECF No. 896). As a result, Defendant's final offense level was 27 with a criminal history score of III, which brought his sentence to 87 months of imprisonment. (ECF No. 896).

Plea Agreement. (ECF No. 703). Defendant appears to argue that, because he pleaded guilty to Count 93, he only agreed to be held accountable for the 28 grams of cocaine base included in that offense, rather than the 280 grams of cocaine base included in Counts 1 and 120. Defendant's contention misreads the Plea Agreement. Paragraph 10 of the Plea Agreement clearly states that the "United States and the defendant agree that the most readily provable amount of drugs for which the defendant should be held accountable is not less than 280 grams and not more than 840 grams of cocaine base. (ECF No. 703). Defendant therefore agreed to be held accountable for at least 280 grams of cocaine base, and he was sentenced accordingly.

Therefore, the Court finds that Defendants Motion for Reduction of Sentence should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 10th day of January, 2013.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge